J. BOONE, ET AL., *v.* J. N. B. HARDWICKE'S ADM'R.
J. BOONE, ET AL., *v.* T. C. BARN'S ADM'R.

**Suit on Injunction Bond—Recovery.**

A requirement in an injunction bond that the obligors would pay and satisfy any modified judgment that might be rendered is mere surplusage, since the judgments were not enjoined. The only obligation on said bond was to pay all costs and damages that might be awarded in case the injunction should be dissolved.

**Measure of Damages.**

Only such damages caused by the delay in selling the land may be recovered on a bond given for an injunction against such sale and the recovery can then only be had unless assessed at the time the injunction was dissolved as required by the statute.

APPEAL FROM POWELL CIRCUIT COURT.

March 20, 1875.

OPINION BY JUDGE LINDSAY:

The petition upon which Barzella Grooms obtained the order of injunction, restraining appellees from proceeding to sell the tract of land adjudged to be sold in satisfaction of their claims against Madison Grooms, shows that she did not ask that they, or either of them, should be restrained from proceeding to enforce their judgments as against their debtor.

The prayer of the petition is that they shall be restrained "from selling said land." The order of injunction is not copied in the record, but we must presume that it was such an order as was asked for, and that, notwithstanding its existence, the appellees were free to pursue their personal remedies against their debtor, being restrained only from selling the tract of land. The bonds required by the clerk were not such as he ought to have taken. There was no necessity for the appellant and her sureties to stipulate that they would satisfy the judgments in favor of appellees against the third party, Madison Grooms, nor that they would satisfy any modified judgment that might be rendered. As these judgments were not enjoined, these stipulations were mere surplusage. Covenants resting on no consideration are not authorized or required by law. The only enforceable stipulation in the bond is the agreement to pay all costs and damages that might be awarded in case the injunction should be dissolved. Sec. 307, Civil Code of Practice.

Appellees, therefore, have no right to recover on these bonds more

than they were damaged by being delayed in selling the land, and not that amount, unless it was assessed as required by Sec. 325 of the Civil Code of Practice, at the time the injunction was dissolved, and by the court rendering the judgment dissolving it.

The judgments are *reversed* and the causes remanded for further proceedings not inconsistent with this opinion.

*Apperson & Reid, for appellants.  H. C. Lilly, for appellees.*